UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal Case No. 99-10416-NMG-2 |
| SHELTON LEWIS, | ) ) ) | |
| Defendant. | ) ) | |

**REPORT AND RECOMMENDATION ON DEFENDANT'S 28 U.S.C. § 2255 MOTION**

June 22, 2015

On May 19, 2014, defendant Shelton Lewis filed, pro se, a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Dkt. No. 140 ("Mot."). Citing the Supreme Court's decision in Alleyne v. United States, — U.S. —, 133 S. Ct. 2151 (2013), Lewis argues that his sentence was unconstitutionally enhanced by the application of a mandatory minimum based on a finding by the judge—rather than a jury—that he "brandished" a firearm. See id. at 5.[1] The government opposes the motion on the grounds that Alleyne is not retroactive on collateral review. Dkt. No. 149 ("Opp'n"). For the following reasons, the Court recommends that the District Judge assigned to this case deny Lewis' motion.

**I.  BACKGROUND**

On April 12, 2000, Lewis was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), interference with interstate commerce by robbery in violation of 18 U.S.C. § 1951(a), and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). Dkt. No. 32. On April 4, 2003, after a five-day jury trial, Lewis was convicted of all

---

[1]  When citing to the parties' pleadings and exhibits, the Court refers to the docket entry page numbers rather than the page numbers of the original documents.

1

charges. Dkt. No. 97. On July 30, 2003, the District Court sentenced Lewis to 319 months imprisonment and 36 months of supervised release. Dkt. No. 104.

Lewis' sentence included the application of a mandatory minimum sentence based on the judge's finding that Lewis had "brandished" a firearm. United States v. Lewis, 375 F. Supp. 2d 1, 1 (D. Mass. 2005). By statute, a defendant who "brandished" a firearm during a crime of violence is subject to a mandatory minimum sentence of not less than seven years. See 18 U.S.C. § 924(c)(1)(A)(ii). However, Lewis' indictment did not include an allegation that he had "brandished" a firearm, nor had the jury specifically been asked to make this finding. See Dkt. No. 32; Mot. at 16, 18; Opp'n at 1.

Lewis timely appealed on various grounds. Dkt. No. 106; United States v. Lewis, 406 F.3d 11 (1st Cir. 2005). In supplemental briefing, Lewis raised the issue of whether the "brandishing" enhancement violated his Sixth Amendment rights because it was based on a judicial—rather than a jury—finding. Lewis, 406 F.3d at 20–21; Mot. at 2, 14. To support his argument, he cited Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi, the Supreme Court announced the rule that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. Lewis argued that the rule arising from Apprendi and its progeny should also apply to facts triggering a mandatory minimum, and thus his "brandishing" enhancement was unconstitutional. Lewis, 406 F.3d at 20–21.

The U.S. Court of Appeals for the First Circuit affirmed Lewis' conviction. Lewis, 406 F.3d at 20–21. It did not resolve Lewis' Apprendi argument, but found that Lewis was entitled

2

to resentencing on other grounds.[2]  Id. at 21–22.  Upon remand, the District Court sentenced Lewis to a lesser term of 264 months imprisonment and 36 months of supervised release.  Lewis, 375 F. Supp. 2d at 3.

Lewis timely appealed his new sentence.  Dkt. No. 134.  On March 20, 2006, the First Circuit affirmed the sentence on the basis that Lewis had conceded that his arguments were foreclosed by his previous appeal and other binding precedent.  Dkt. No. 138.  Lewis filed a petition for certiorari to the Supreme Court, which was denied on June 26, 2006.  Lewis v. United States, 548 U.S. 917 (2006).

Nearly seven years later, the Supreme Court's decision in Alleyne overruled Harris v. United States, 536 U.S. 545 (2002), which had expressly declined to extend Apprendi to facts increasing a mandatory minimum.  In Alleyne, the defendant was convicted of using or carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), the same statute at issue here.  Alleyne, 133 S. Ct. at 2155–56.  As in the instant case, the trial judge found that the firearm was "brandished" by a preponderance of the evidence and applied the mandatory minimum sentence of seven years.  Id. at 2163.  The Supreme Court held that this enhancement violated Alleyne's Sixth Amendment rights and thus extended the Apprendi rule to apply to facts that increase a mandatory minimum.  Id. at 2163–64.  It further found that "brandishing" aggravates the legally prescribed range of allowable sentences, and therefore constitutes an element of a separate aggravated offense that must be found by the jury.  Id. at 2162.

Less than one year after the Alleyne decision, Lewis filed the instant motion under 28 U.S.C. § 2255.  As a result of Alleyne, Lewis argues that he is entitled to be resentenced because

---

[2]  The First Circuit found that Lewis was entitled to resentencing in light of United States v. Booker, 543 U.S. 220 (2005), which held that the federal sentencing commission guidelines were advisory rather than mandatory.  See Lewis, 406 F.3d at 21–22.  The First Circuit remanded Lewis' case because it found that the District Court had treated the guidelines as mandatory.

3

the finding that he had "brandished" a gun, which increased his mandatory minimum sentence by seven years, was found by a preponderance of the evidence by a judge, rather than beyond a reasonable doubt by a jury. See Mot. at 4.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one-year period of limitations for post-conviction motions seeking to vacate, set aside, or correct a sentence:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). If Lewis' motion is to be considered timely, it must fall within the requirements of § 2255(f)(3).[3]

Lewis asserts a right that was newly recognized by Alleyne on June 17, 2013; namely, the right to have any fact that increases a mandatory minimum determined by a jury beyond a reasonable doubt. See Alleyne, 133 S. Ct. at 2162–63. Lewis filed his motion on May 19, 2014, within one year of the date of the decision in Alleyne. However, § 2255(f)(3) only applies if

---

[3] The motion is untimely under § 2255(f)(1) as it was filed well more than a year after his conviction became final in 2006, and the other subsections do not apply.

4

Alleyne has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). As explained below, Alleyne has not.

## A. Retroactivity Analysis Of Alleyne

Alleyne announced a newly recognized right. Butterworth v. United States, 775 F.3d 459, 464–65 (1st Cir. 2015). When a decision of the Supreme Court results in a "new rule," that rule applies to all criminal cases still pending on direct review. Schriro v. Summerlin, 542 U.S. 348, 351 (2004) (citation omitted). However, as to convictions that are already final, such as the conviction at issue here, the "new" rule applies to cases on collateral review only in limited circumstances. Id.

New substantive rules generally apply retroactively on collateral review, but new procedural rules do not unless they fit into one of two exceptions set out in Teague v. Lane, 489 U.S. 288 (1989). Id. at 351–52. The first Teague exception allows for retroactive application of "new rules that either (a) prohibit criminal punishment for certain types of primary conduct, or (b) forbid the imposition of certain categories of punishment for particular classes of defendants." [4] Sepulveda v. United States, 330 F.3d 55, 59 (1st Cir. 2003) (citation omitted). The second Teague exception allows for retroactive application of "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Id. (citations omitted).

Lewis argues that Alleyne should apply retroactively because it announced a new substantive rule. See Mot. at 20–22, 24; Dkt. No. 148 at 2–3 ("Reply"). The Supreme Court has

---

[4] The Supreme Court has acknowledged the confusion between substantive rules and rules that fall under the first Teague exception. Schriro, 542 U.S. at 352 n.4 ("We have sometimes referred to rules of this latter type ["determinations that place particular conduct or persons . . . beyond the State's power to punish"] as falling under an exception to Teague's bar on retroactive application of procedural rules . . . they are more accurately characterized as substantive rules not subject to the bar.").

5

not yet addressed whether Alleyne applies retroactively to cases on collateral review. However, the First Circuit has addressed the issue.[5] See Butterworth, 775 F.3d at 463–68. In that case, the defendant's sentence was enhanced, six years prior to Alleyne, by a mandatory minimum based on the judge's finding regarding the quantity of drugs for which the defendant was responsible. Id. at 461–62. After Alleyne, the defendant moved to vacate his sentence under § 2255. Id. at 462. The First Circuit affirmed the denial of the motion, holding that Alleyne announced a new procedural rule under Teague. Id. at 465. Therefore, Alleyne does not apply retroactively to sentences challenged on collateral review.[6] Id.

Lewis also contends that the Due Process Clause protects defendants from conviction for conduct not prohibited by a statute as properly interpreted, even if interpreted for the first time after the conviction becomes final. Mot. at 22 (citing Fiore v. White, 531 U.S. 225, 228–29 (2001)); Reply at 3–4. In Fiore, the defendant's conviction violated due process because the government failed to prove a required element of the crime as defined by a post-conviction ruling by a state supreme court. Fiore, 531 U.S. at 228–29. Here, again, Butterworth resolves this issue by determining that Alleyne announced a new procedural rule that does not change the underlying elements of 18 U.S.C. § 924(c). Both before and after Alleyne, using or carrying a firearm during a crime of violence is illegal, whether or not it involves "brandishing."

In sum, Alleyne announced a new rule of criminal procedure, which does not apply

---

[5] The First Circuit joined its fellow circuits in noting that "[d]istrict and appellate courts, no less than the Supreme Court, may issue opinions on initial petitions for collateral review holding in the first instance that a new rule is retroactive in the absence of a specific finding to that effect by the Supreme Court." Butterworth, 775 F.3d at 464 (citations omitted).

[6] Other circuit courts have also found that Alleyne is not retroactive, though in slightly different procedural postures. Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013); In re Payne, 733 F.3d 1027, 1029–30 (10th Cir. 2013); United States v. Redd, 735 F.3d 88, 91 (2d Cir. 2013); Hughes v. United States, 770 F.3d 814, 819 (9th Cir. 2014); In re Mazzio, 756 F.3d 487, 491 (6th Cir. 2014); United States v. Reyes, 755 F.3d 210, 213 (3d Cir. 2014).

retroactively. Butterworth, 775 F.3d at 468. Lewis' motion does not satisfy the requirements of 28 U.S.C. § 2255(f)(3) and therefore is time-barred.

B.      **Equitable Tolling**

Lewis argues, in the alternative, that his motion is timely on the basis of equitable tolling. See Reply at 6–9. Specifically, Lewis argues that Harris' continuing viability at the time of his post-conviction proceedings presented an "extraordinary circumstance" that prevented him from filing a timely petition. See id. at 8; Mot. at 18. For the reasons discussed below, the Court finds that equitable tolling does not apply here.

The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The burden is on a petitioner to establish the basis for equitable tolling. See Riva v. Ficco, 615 F.3d 35, 39 (1st Cir. 2010). Equitable tolling "is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances." Trapp, 479 F.3d at 59–60 (quoting Donovan v. Maine, 276 F.3d 87, 93 (1st Cir. 2002); Delaney v. Matesanz, 264 F.3d 7, 14 (1st Cir. 2001)) (internal quotation marks omitted). Generally, "judicial decisions where a defendant is a non-party do not constitute extraordinary circumstances to warrant equitable tolling." Edwards v. United States, No. 3:12-CV-717-WHA, 2014 WL 5113607, at *3 (M.D. Ala. Sept. 29, 2014).

As to the first prong, Lewis has demonstrated diligence by filing his § 2255 motion within one year of the Supreme Court's decision in Alleyne. As to the second prong, Lewis argues that the Alleyne argument was not available to him when Harris was the binding law.

Reply at 8.  However, Lewis was not a party to Alleyne, and "the circumstance of the new rule announced in Alleyne is not extraordinary."  United States v. Mitchell, No. 2:01-CR-82-2, 2014 WL 5106402, at *4 (D. Vt. Oct. 10, 2014)).

Lewis further argues that extraordinary circumstances exist because "advice provided by counsel, . . . and the Courts [sic] decision showed or reasonably led [him] to believe that he was foreclosed in his issues and therefore lulled into further inaction."  Id.  He cites Riddle v. Kemna, abrogated on other grounds by Gonzalez v. Thaler, — U.S. —, 132 S. Ct. 641, 653–54 (2012).  Reply at 8–9.  Even if still viable, Riddle is inapplicable here because, in addition to arising in the context of distinguishable and unusual facts, Lewis was not lulled into inaction.  In fact, Lewis properly pursued the avenues of relief that were available to him at the time.

Even if this Court found that equitable tolling applied here, it would not help Lewis' case because, as discussed above, Alleyne's protections are not retroactively applicable to cases on collateral review.  See Part II.A., supra.  Accord Campos v. United States, 3:13-CV-2980-D, 2014 WL 3778157, at *4 (N.D. Tex. July 31, 2014) ("Because [movant] has not shown that [Sykes v. United States, — U.S. —, 131 S. Ct. 2267 (2011)] was made retroactive to cases on collateral review, tolling for the entire time that his prior § 2255 motion was pending would still not save his current motion.").

Accordingly, this Court finds that equitable tolling does not apply to Lewis' claim.

### III. RECOMMENDATION

For the foregoing reasons, I recommend that Lewis' § 2255 motion be denied.

### IV. REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Rule 72(b) of the Federal Rules of Civil Procedure, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within

8

fourteen days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72; Habeas Corpus Rule 8(b). The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) of the Federal Rules of Civil Procedure will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Phinney v. Wentworth Douglas Hosp., 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).

/s/ Jennifer C. Boal_____
JENNIFER C. BOAL
United States Magistrate Judge