UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Case No. 99-10416-NMG-2 |
| ) | |
| SHELTON LEWIS, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION ON DEFENDANT'S 28 U.S.C. § 2255 MOTION

June 22, 2015

On May 19, 2014, defendant Shelton Lewis filed, pro se, a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Dkt. No. 140 ("Mot."). Citing the Supreme Court's decision in Alleyne v. United States, — U.S. —, 133 S. Ct. 2151 (2013), Lewis argues that his sentence was unconstitutionally enhanced by the application of a mandatory minimum based on a finding by the judge—rather than a jury—that he "brandished" a firearm. See id. at 5.[1] The government opposes the motion on the grounds that Alleyne is not retroactive on collateral review. Dkt. No. 149 ("Opp'n"). For the following reasons, the Court recommends that the District Judge assigned to this case deny Lewis' motion.

I.  **BACKGROUND**

On April 12, 2000, Lewis was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), interference with interstate commerce by robbery in violation of 18 U.S.C. § 1951(a), and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). Dkt. No. 32. On April 4, 2003, after a five-day jury trial, Lewis was convicted of all

---

[1] When citing to the parties' pleadings and exhibits, the Court refers to the docket entry page numbers rather than the page numbers of the original documents.

After consideration of petitioner's objection thereto (Docket No. 153), Report and Recommendation accepted and adopted.

/s/ NMGorton, USDJ  9/8/15