United States District Court
District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>SHELTON LEWIS, )<br>)<br>Defendant. )<br>) | Criminal Action No.<br>99-10416-NMG |

MEMORANDUM AND ORDER

**GORTON, J.**

In September, 2015, this Court dismissed the habeas petition of Shelton Lewis ("Lewis"). Lewis now requests a Certificate of Appealability.

I. **Background**

In his habeas petition, Lewis challenged his conviction on the ground that his sentence was unconstitutionally enhanced by the application of a mandatory minimum based on the finding of the judge, rather than a jury, that he "brandished" a firearm. Lewis based this claim on the United States Supreme Court's decision in Alleyne v. United States, 133 S.Ct. 2151 (2013).

Although his petition was filed nearly eight years after his conviction became final, Lewis argued that the Court should find his petition timely under two different provisions of 28 U.S.C. § 2255. First, Lewis averred that his petition was

-1-

timely under 28 U.S.C. § 2255(f)(3) because it was filed within one year of the Supreme Court's decision in <u>Alleyne</u> which, according to Lewis, recognized a new right retroactively applicable to cases on collateral review.  Second, Lewis submitted that equitable tolling should render his petition timely under 28 U.S.C. § 2255(f)(1), which permits the filing of a petition within one year of the date on which a judgment of conviction becomes final.  In adopting the report and recommendation of the Magistrate Judge, this Court rejected both claims and dismissed the petition as untimely.  Lewis seeks a Certificate of Appealability on both claims.

## II. Legal Analysis

### A. Standard

Section 2253(c) of Title 28 of the United States Code provides that a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a petitioner must demonstrate

> at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

<u>Slack</u> v. <u>McDaniel</u>, 529 U.S. 473, 484 (2000).

The debatable-among-jurists-of-reason standard is a low barrier. A claim is considered "debatable" even if every reasonable jurist would agree that the petitioner will not prevail. Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). With respect to the district court's procedural ruling, no appeal is warranted if a clear procedural bar is present. In such a circumstance,

> a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.

McDaniel, 529 U.S. at 484. When a habeas petition contains more than one potential ground for relief, a court must state which issues, if any, satisfy the standard set forth in § 2253(c)(2). 28 U.S.C. § 2253(c)(3).

### B. Application

Lewis first argues that his petition was filed in a timely manner under 28 U.S.C. § 2255(f)(3). That statutory provision permits the filing of a habeas petition within one year of a decision of the Supreme Court recognizing a new right retroactively applicable to cases on collateral review. Lewis's petition was filed within one year of the Supreme Court's decision in Alleyne, the case on which he bases his substantive claim. Further, it is undisputed that Alleyne recognized a new right. No jurist of reason would, however, find debatable the

fact that the new right does not apply retroactively. See United States v. Hoon, 762 F.3d 1172 (holding that no reasonable jurist would question that Alleyne does not apply retroactively). Of the numerous courts in various jurisdictions that have addressed this issue, not one has held that Alleyne applies retroactively to cases on collateral review. See, e.g., Butterworth v. United States, 775 F.3d 459, 464-65 (1st Cir. 2015); United States v. Reyes, 755 F.3d 210, 213 (3d Cir. 2014). Thus this Court concludes that Lewis has not made a substantial showing on this claim.

Second, Lewis argues that equitable tolling should render his petition timely under 28 U.S.C. § 2255(f)(1). Even if this were true, however, Lewis would be procedurally barred from asserting his constitutional claim because Alleyne's protection does not operate retroactively. No reasonable jurist would suggest that the tolling of the time limitation in 28 U.S.C. § 2255(f)(1) would render Alleyne retroactively applicable to Lewis's case. Accord Campos v. United States, 3:13-cv-2980-D, 2014 WL 3778157, at *4 (N.D. Tex. July 31, 2014).

Therefore Lewis has not made the requisite showing "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." McDaniel, 529 U.S. at 484. Because a plain procedural bar is present in this case,

no appeal is warranted. Accordingly, the motion for a Certificate of Appealability will be denied.

### ORDER

In accordance with the foregoing, petitioner's motion for a Certificate of Appealability is **DENIED**.

**So ordered.**

                                          /s/ Nathaniel M. Gorton
                                          Nathaniel M. Gorton
                                          United States District Judge

Dated December 31, 2015