United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| **United States of America** | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 99-10416-NMG-2 |
| **Shelton Lewis,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

In April, 2003, a jury convicted Shelton Lewis ("defendant") of one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), one count of a violation of the Hobbs Act, 18 U.S.C. § 1951(a) and one count of use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1), for his role in an armed robbery which took place in Abington, Massachusetts in September, 1999. Defendant was sentenced as armed career criminal to 22 years' incarceration, followed by 36 months of supervised release.

In May, 2016, defendant petitioned to vacate his sentence pursuant to 28 U.S.C. § 2255 based upon the decision in Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson II"). The following month, the First Circuit Court of Appeals ("First Circuit") allowed defendant to proceed with his Johnson II claim.

-1-

Pursuant to the parties' joint motion, this Court stayed defendant's petition pending a decision by the United States Supreme Court in Beckles v. United States, 137 S. Ct. 886 (2017). In April, 2017, defendant filed a motion to lift the stay and set a briefing schedule on his habeas petition. That motion is currently pending before the Court.

Also pending is defendant's petition to vacate his sentence. This memorandum addresses both motions.

I. **Defendant's Motion to Lift the Stay and Set a Briefing Schedule**

Defendant's motion to lift the stay and set a briefing schedule will be allowed, in part, and denied as moot, in part. As defendant explains, Beckles has been decided and the decision is irrelevant to the issues presented in his § 2255 petition. Thus, an order lifting the stay is appropriate.

The Court will, however, deny defendant's request to set a briefing schedule as moot because the parties have fully briefed the issues raised by defendant in his petition. Therefore, a scheduling order is unnecessary.

II. **Defendant's § 2255 Petition**

   A. **The ACCA Predicate Offenses at Issue**

The following four offenses were identified in the 2003 Pre-sentence Report ("PSR") as predicate offenses under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e):

1) Two convictions for armed robbery in June, 1982 (¶ 48 of the PSR);

2) Conviction for armed robbery in April, 1987 (¶ 49);

3) Conviction for armed robbery in August, 1987 (¶ 50) and

4) Conviction for seven counts armed robbery in April, 1987(¶ 51).[1]

Defendant contends that his Massachusetts armed robbery convictions are not ACCA predicate offenses in light of the recent decision by the First Circuit in United States v. Starks, 861 F.3d 306 (1st Cir. 2017).

In Starks, the First Circuit held that Massachusetts armed robbery, codified by M.G.L. c. 265, § 17, is not a violent crime as defined by the ACCA and, therefore, is not a predicate offense for the purposes of designating an individual as an armed career criminal. Id. at 320-24. Because this Court is bound by that decision, it concludes that, in the absence of the requisite predicate convictions, defendant cannot be classified as an armed career criminal. See 18 U.S.C. § 924(e).

The government retorts that defendant has procedurally defaulted on his Johnson II claim but the Court disagrees and joins recent decisions in this jurisdiction rejecting the government's procedural default argument. See, e.g., Virden v. United States, No. 09-10325, 2017 WL 470891, at *3 (D. Mass.

---

[1] The two convictions for armed robbery in April, 1987 were the result of two distinct crimes committed at different times.

Feb. 3, 2017) ("To date, as far as this Court is aware, every other District Judge in Massachusetts to have considered such a case has either found cause for the default, miscarriage of justice, or has tacitly rejected the procedural default challenge by proceeding directly to the merits of the underlying claim.").

Accordingly, defendant's § 2255 petition will be, with respect to his ACCA claim, granted.

### B. Constitutionality of 18 U.S.C. § 924(c)(1)

Defendant also submits that his conviction for violating 18 U.S.C. § 924(c)(1) must be vacated because the statute is unconstitutionally vague. The Court declines, however, to consider that issue because defendant is eligible for immediate release as a result of his successful challenge to his armed career criminal status. See Vaqueria Tres Monjitas, Inc. v. Pagan, 748 F.3d 21, 26 (1st Cir. 2014) ("[F]ederal courts are not to reach constitutional issues where alternative grounds for resolution are available." (quoting ACLU v. U.S. Conference of Catholic Bishops, 705 F.3d 44, 52 (1st Cir.2013))).

**ORDER**

For the forgoing reasons,

1) defendant's motion to lift the stay and establish a briefing schedule (Docket No. 184) is, with respect to the request to lift the stay, **ALLOWED**, but is, with respect to the request to set a briefing schedule, **DENIED as moot** and

2) defendant's § 2255 petition to vacate (Docket No. 174) is, with respect to his ACCA claim, **GRANTED**, but is otherwise **DENIED, as moot**. The Court will re-sentence the defendant at the appointed time.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 17, 2017